McIlvaine, J.
Leave is asked to file a petition in error to reverse the judgment of the district court of Allen county affirming the judgment of the court of common pleas rendered against the plaintiff in error in an action wherein the plaintiff in error was plaintiff and the defendants in error were defendants.
The action in the common pleas was brought by the plaintiff as endorsee against the defendants as endorsers of a promissory note made by Crochan & McElroy, John P. Scott and C. Young, for $361.25, payable sixty days after date, to tli6 defendants, by their firm name of “National Deposit Bank *158 (Shelby Taylor, B. C. Faurot & G. G. Hackedorn,”) and dated March 24, 1870.
The indorsment upon which suit was brought was as follows : “ G. G. Hackedorn, Ch.”
It is alleged in the petition that said note became due on the 23d of May, 1870 ; was indorsed to plaintiff on the 15th day of June, 1870 ; that on the 18th day of August he presented the same to the makers for payment, which was refused, of which defendants had due notice ; and afterwards he presented the same to defendants and demanded payment, and the defendants refused to pay the same or any part thereof, &c.
The defendants answered the petition; 1st. By denying that they indorsed and delivered said note to the plaintiff. 2nd. By averring, that on the 15th day of June, 1870, the plaintiff,, for Cochran & McElroy, the principals in said note, paid off and discharged the same to the entire satisfaction of the defendants who were then the owners and holders thereof, and that after such payment and after the note had been delivered to the plaintiff for Cochran & McElroy, the defendant Hackedorn, cashier of the defendants, at the request of the plaintiff, wrote the name “ G. G. Hackedorn, Ch,”across the back of the note, with the express understanding and agreement that this indorsement was to be used by the plaintiff only as evidence to Cochran & McElroy that he had paid off their indebtedness on the note to the defendants, and that it was made for no other purpose whatever.
The plaintiff, by reply, denied allegations of new matter contained in the answer.
The issues thus made were submitted to a jury, and verdict and judgment were rendered against the plaintiff
By bill of exceptions all the testimony, and divers exceptions to the rulings of the court, were placed upon the record.
The objections urged against the judgment maybe reduced to the following:
1. Error in admitting improper testimony.
2. Error in refusing to rule out certain testimony.
*159 3. Error in improperly admitting testimony by the defendants after the plaintiff had closed his case in rebuttal.
4. Error in overruling a motion to set the verdict aside because it was against the weight of evidence.
1. Did the court err in admitting improper testimony.
It is claimed that error was committed in admitting parol testimony to contradict the terms of a written agreement. The testimony objected to consisted of the statements of witnesses as to the acts and conversations of the parties at the time of the indorsement and delivery of the note to plaintiff, and of his admissions before and after that time, tending to show that he had been employed by the makers of the note, to pay the same for them, and that he did pay and discharge it accordingly, and tending to show that the indorsement was made after payment, at the request of plaintiff, to be used by him only as evidence that he had paid the note.
That parol testimony is inadmissible to contradict or vary the terms of written instruments, and that the contract of an indorser of a promissory note, whether the indorsement be m blank or otherwise, is within the meaning of that rule, as general propositions of law are true, may be admitted for the purposes of this case. But the question in the case, as we understand it, was not as to the terms of the contract, or the nature or extent of the indorser’s liability, but, whether there was any contract at all, out of which any liability could arise.
A blank indorsement, which evidences a contract, the terms of which cannot be contracted or varied by parol testimony, is one made in the usual course of business, for the purpose of transferring the title of or giving credit to the paper. The defence in this case was, that no transfer of title was intended, nor was credit intended to be given this note by the transaction, but that it was paid and discharged by the makers through and by the plaintiff, who was acting for them and at their request.
The object and tendency of the testimony objected to were to prove this defence, — to show that the note itself, as well as *160 ike indorsement thereon, at the time of delivery to the plaintiff, were nullities, and not evidences of subsisting obligations. We can see no reason why such proof, upon such an issue between the parties to the transaction, should not be allowed.
It was also competent to give in evidence, the letter from the makers of the note to the defendants, upon the subject of the arrangement made between them (the makers) and the plaintiff for the payment of the note, testimony having been first offered tending to show that the contents of the letter were read to the plaintiff at the time of the alleged payment.
2. It is also claimed that the court erred in refusing to rule from the jury the testimony of John P, Cochran, and the testimony of Charles Young.
The former was a principal maker of the note, and testified that shortly after the note became due, the witness and McElroy, the principals in the note, made an arrangement with the plaintiff to take up the note for them, and “that he did take it up, and when I asked him for the note, he said he had forgotten it and left it in his trunk at Lima. I wanted to show it to our sureties and he said he would bring it down the next time he come down.”
The witness Young, one of the sureties on the note, testified “ that about the 10th of June, 1870, Mr. Morris and I met close to the log-way on the mill yard, (Cochran and McElroy’s mill.) We had some trouble about getting our logs on, as each wanted to get his logs sawed up before the other. Plaintiff spoke to me and said, this sawing is. to go toward paying a note you were surety on at the National Deposit Bank. I gave way. * * * * The next time I met him was along after the middle of June, 18th or 20th, somewhere. I asked him what about that note ? and he said he had paid it off for Cochran and McElroy; that that note was paid off about the time that Cochran and McElroy went into bankruptcy.”
Other testimony was given by each of these witnesses as to facts which were, to say the least, immaterial, if not incompetent.
The motion of the plaintiff, to the overruling of which *161 he excepted, was to rule from the jury the whole of the-testimony of these witnesses. The portions of their testimony above quoted were certainly competent, as tending to-prove the defendant’s case. And the rule is, if a motion, to rule testimony from the jury embraces competent as well as incompetent testimony, there is no error in overruling the-motion, but the sustaining of such motion would be error to the prejudice of the adverse party.
3. The record shows the following state of facts : Upon the-trial the plaintiff introduced in evidence the note with the-blank indorsement of “ G. G. Hackedorn, Ch.” and rested. The defendants introduced testimony tending to prove their second defence, and among other witnesses G. G. Hackedorn was called, who testified as to the matters of that defence, and then the defendants rested. The plaintiff then called witnesses in rebuttal, and gave testimony tending to contradict and rebut the testimony of Hackedorn, and other witnesses of the defendants ; and thereupon the plaintiff again rested. The defendants then recalled Hackedorn, when “the plaintiff objected to defendants introducing any new testimony. The objection was overruled and plaintiff' excepted.” The witness then testified, repeating in part his former testimony, and also stating new facts tending to-disprove the plaintiff’s rebutting testimony. Some of which facts might have been given in chief by defendants, while-others could not have been given in their original case.
The practice of recalling witnesses for the purpose off repeating, by assuming the name and character of rebutting, is, to say the least, reprehensible. But in this instance it is evident that the main object in recalling Hackedorn was to obtain denials and new facts tending to repel the force off plaintiff’s rebutting evidence. From the nature of the case it was next to impossible to get the new facts without some repetition of his former testimony. Under such circumstances some latitude must be allowed for the exercise-of discretion. Indeed, the exigencies of each particular case must go far in controlling the discretion of the court; and in this case we are satisfied that the plaintiff was not *162 prejudiced by its abuse, or in other words, that it was not abused.
As to so much of the testimony thus given as was strictly rebutting, that is, that tended to disprove the rebutting testimony of the plaintiff, and could not have been given in chief, the defendants were entitled, of strict right, to introduce it. The regular order of producing testimony in the case, was not closed until it was introduced.
And as to that portion which tended to disprove the plaintiff’s rebutting testimony, but was of such a nature that it might have been introduced in chief by the defendants, it was within the sound discretion of the court to hear or reject it. The evidence in chief having been introduced on both sides, the rule of the code is: “ The parties will then be confined to rebutting testimony, unless the court, for good reasons in furtherance of justice, permits them to offer evidence in their original case.” (S. & C. 1021, sec. 266.) But it is objected that “ good reasons in furtherance of justice” were not shown, and that a case for the exercise of discretion does not arise until such showing is made. The objection is answered thus : The record simply states that the plaintiff having rested in his rebuttal, and the defendants having called the witness, the plaintiff then objected to the defendants offering any new testimony, which objection was overruled, and plaintiff excepted. The record is entirely silent as to whether good reasons were or were not shown. We' cannot presume error to have intervened. It must appear affirmatively. We assume, therefore, that a proper showing was made for the admission of this testimony.
4. Without attempting in this opinion to review the testimony, it will suffice to say, that upon a careful examination of the whole record we cannot find that «the verdict was against the weight of evidence.
Motion overruled.
Seem, C. J., and Welch, White and Day, JJ., con •curred.